557 F.2d 1155
 15 Fair Empl.Prac.Cas. 1097, 14 Empl. Prac.
Dec. P 7802
J. B. CLARK, on behalf of himself and similarly situated
persons, Plaintiff-Appellant,
v.
WEST CHEMICAL PRODUCTS, INC., Defendant-Appellee.
 No. 77-1137
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Aug. 19, 1977.
 R. Gordon Pate, Birmingham, Ala., for plaintiff-appellant.
 D. Frank Davis, Birmingham, Ala., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before AINSWORTH, MORGAN and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant J. B. Clark, a former employee of appellee West Chemical Products, brought this action against West under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. The district judge found that Clark filed the requisite notice of intention to bring the action with the Secretary of Labor one day after the running of the statutory notice period, and granted West summary judgment dismissing the suit. We vacate the summary judgment and remand for a determination of the proper date from which the notice period should be calculated.
 
 
 2
 Clark was informed on May 9, 1975 that his employment with West was terminated as of that day. He refused to return his sales materials to West until he received an "official letter of termination." Clark's office was notified of his termination on May 9, and instructed that no further business mail was to be forwarded to Clark. Afterward Clark continued to receive orders from customers, which he forwarded to West. He continued receiving commissions until May 23. Clark asserts that these commissions were partly based upon orders received after May 9. West disagreed, arguing that Clark's pay between May 9 and 23 was computed as a commission on sales in Clark's area by his replacement. West avers that Clark "engaged in no selling or other activity for West during this period." The district judge found that Clark continued to sell for West during May and that he was remunerated for those sales.
 
 
 3
 On November 5 Clark mailed notice of intention to sue West under the Act to the Atlanta office of the Secretary of Labor. The notice was received on November 6, 181 days after May 9. The district judge found that Clark's discharge was effective May 9 and held that "filing" as required by the Act is not effective until the required document is received by the Secretary. On this basis he granted West's motion for summary judgment, from which Clark now appeals.
 
 
 4
 On appeal Clark asserts that the district judge's finding that May 9 was the date from which the 180-day filing period should be calculated was a finding on a disputed issue of fact and therefore unsuitable for summary judgment. Clark points out that the 180-day period should run from the date "the alleged unlawful practice occurred," 29 U.S.C. § 626(d)(1).[1] Clark argues that the last unlawful act alleged occurred when West notified him in writing on May 27 of his termination, thus removing "ambiguity as to the finality of the discharge." Moses v. Falstaff Brewing Corp., 8 Cir., 1975, 525 F.2d 92, 94.
 
 
 5
 We have held that the 180-day filing period of 29 U.S.C. § 626(d) is jurisdictional. Edwards v. Kaiser Aluminum & Chem. Sales, Inc., 5 Cir., 1975, 515 F.2d 1195, 1199. In the present case, however, the date of the last unlawful act, from which to calculate the 180-day period, is in dispute. A summary judgment should not be granted if there is a genuine issue as to any material fact. The burden is on the moving party, West, to show that there is "not the slightest doubt as to the facts and that only the legal conclusion remains to be resolved." Insurance Co. of North America v. Bosworth Const. Co.,5 Cir., 1972, 469 F.2d 1266, 1268; see Moses v. Falstaff Brewing Corp., supra. Accordingly, we vacate the summary judgment and remand for a determination of the date of the "alleged unlawful act."
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 29 U.S.C. § 626(d) provides in pertinent part:
 No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed
 (1) Within one hundred and eighty days after the alleged unlawful practice occurred . . . .