W. B. COKE, Jr., Plaintiff-Appellant,

v.

GENERAL ADJUSTMENT BUREAU, INC., Defendant-Appellee.

No. 77–2874.

United States Court of Appeals, Fifth Circuit.

March 23, 1981.

Edward B. Cloutman, III, Dallas, Tex., for plaintiff-appellant.

Lutz Alexander Prager, Kenneth James Burchfiel, Appellate Div. EEOC, Washington, D. C., for amicus.

Kalvin M. Grove, Burton L. Reiter, Lawrence Cohen, Chicago, Ill., for defendant-appellee.

Before GODBOLD, Chief Judge, and BROWN, COLEMAN, AINSWORTH, CHARLES CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE, KRAVITCH, FRANK M. JOHNSON, Jr., GARZA, HENDERSON, REAVLEY, POLITZ, HATCHETT, ANDERSON, RANDALL, TATE, SAM D. JOHNSON, THOMAS A. CLARK and WILLIAMS, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

W. B. Coke, Jr. brought this suit under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §§ 621 *et seq.* (1975), alleging that General Adjustment Bureau, Inc. (GAB) unlawfully discriminated against him on account of his age by demoting him. GAB moved for summary judgment. The basis of GAB's

motion was that § 626(d)(1) requires an aggrieved employee to file with the Secretary of Labor, within 180 days after the alleged unlawful practice occurred, a notice of the employee's intent to sue his employer.[1] GAB argued in support of its motion that Coke had not filed the notice within the required 180-day period, that the 180-day filing requirement was a jurisdictional prerequisite, and therefore that Coke's complaint should be dismissed. The district court agreed, and dismissed the complaint for want of jurisdiction. Coke appealed. A panel of this court reversed, holding that the 180-day filing requirement was subject to equitable tolling and that there was a genuine issue of fact with respect thereto. *Coke v. General Adjustment Bureau, Inc.*, 616 F.2d 785 (5th Cir. 1980). GAB's petition for rehearing en banc was granted, and the panel opinion was vacated. 622 F.2d 1226 (5th Cir. 1980).

▇ The en banc court faces only two issues:[2] (1) whether the 180-day notice requirement is a jurisdictional prerequisite, so that the court is deprived of subject matter jurisdiction if the filing requirement is not met, or, on the other hand, whether the filing requirement is subject to equitable tolling; and (2) if the filing requirement is subject to equitable tolling, whether there is a genuine issue of fact with respect to equitable tolling in this case. We hold that the 180-day provision is a precondition to filing suit and is subject to equitable tolling. We hold also that there is a genuine issue of fact with respect to equitable tolling, and therefore that summary judgment was erroneously granted.

## I. FACTS

On or about May 1, 1976, Coke was demoted from his position as general manager of GAB's Dallas, Texas, office to a position as adjuster. He was 55 years old at the time and was replaced by an employee who was under 40 years of age. Shortly after the demotion, Coke advised Mr. Biegert, an official of one of GAB's largest clients. Mr. Biegert, who knew Coke both professionally and personally, contacted GAB to obtain Coke's reinstatement. Mr. Biegert was assured by GAB that corrective action would be taken to reinstate Coke as manager. The first such contact occurred in May, 1976, but, when Coke was not reinstated, he again advised Biegert who again contacted GAB, who was again assured that Coke would be reinstated. Several more such conversations occurred between Biegert and GAB from May through August, 1976, and on each occasion Biegert was assured by GAB that Coke would be reinstated. On each occasion these assurances were passed along to Coke. Relying on GAB's representations, Coke believed he would be reinstated and did not at that time file the required

---

1. The applicable provision states in pertinent part:

    No civil action may be commenced by any individual under this section until the individual has given the Secretary [of Labor] not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
    (1) [W]ithin one hundred and eighty days after the alleged unlawful practice occurred,
    . . .
    29 U.S.C.A. § 626(d)(1) (1975) (amended 1978).
    In 1978, Congress amended this section of the ADEA, but the amendment is applicable only to suits filed after its effective date. Age Discrimination in Employment Act Amendments of 1978, § 4(b). Pub.L.No.95–256, 92 Stat. 189. Since this suit was filed prior to April 6, 1978, the effective date of the amendment, the original provision of the ADEA applies. As amended, § 626(d)(1) now provides:
    No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed—
    (1) [W]ithin 180 days after the alleged unlawful practice occurred; . . .
    29 U.S.C.A. § 626(d)(1) (Supp.1980).

2. Coke also argued to the district court and to the panel that the 180-day period did not begin to run until he reasonably concluded that his demotion was "unequivocal and final." All three members of the panel concurred in Part II A of the panel opinion, 616 F.2d at 787–88, *i. e.*, that the time period began to run on the date of Coke's demotion and was not extended by his alleged uncertainty as to whether the decision was final. Coke has not renewed this argument in his briefs to the en banc court, and we therefore consider the argument to have been abandoned.

notice with the Secretary of Labor. Finally, when no corrective action was taken, despite GAB's repeated representations to the contrary, Coke filed the required notice with the Secretary of Labor on December 29, 1976, within 180 days of the last assurance by GAB that Coke would be reinstated, but more than 180 days after the actual demotion on May 1, 1976.

## II. EQUITABLE TOLLING OF THE NOTICE REQUIREMENT

GAB's primary argument in support of the district court's grant of summary judgment is that the 180-day filing requirement is a jurisdictional prerequisite, that failure to comply deprives the court of subject matter jurisdiction, and that the court thus has no jurisdiction to consider whether the time period should be tolled for some equitable reason. In addressing this issue, we discuss (1) the relevant Supreme Court cases, (2) the developing case law in the other circuit courts of appeal, (3) our own Fifth Circuit precedent, and (4) the legislative history. In our discussion we will refer not only to cases applying the 180-day notice requirement of ADEA, but also to cases arising under Title VII of the Civil Rights Act of 1964.[3] Because Title VII shares with ADEA a common purpose, i. e., elimination of discrimination in the workplace, because the statutory schemes are similar, and because both statutes require an almost identical filing with the appropriate agency within 180 days after the alleged discriminatory act,[4] both this circuit[5] and the Supreme Court[6] have considered cases arising under one statute to have value as precedent for cases arising under the other.

### 1. Relevant Supreme Court Cases

In *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), the Supreme Court refused to read literally a related provision of Title VII involving the requirement to file a charge with EEOC. The district court had dismissed the complaint, regarding the requirement as jurisdictional, and the Tenth Circuit had affirmed. The Supreme Court reversed, rejecting the employer's argument for a literal interpretation, saying that it would simply add "an additional procedural technicality. Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." 404 U.S. at 526–27, 92 S.Ct. at 618–19.

In *International Union of Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), the Supreme Court considered whether the comparable 180 day time period in the Title VII context would be tolled because plaintiff was pursuing a grievance procedure established under a collective bargaining agreement. The Supreme Court considered no less than five variations on the tolling argument. The Supreme Court rejected each argument, not on the basis that the 180 day period was jurisdictional, but after consideration of the merits of whether or not the pursuit of grievance procedures should toll the running of the limitations period. The court relied on two of its previous decisions—*Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), where the Court had held that a Title VII claim was separate and independent from a contract claim under the collective bargaining agreement and therefore that the Title VII claim was not foreclosed by the previous final arbitration under the grievance procedures; and *John-*

---

3. 42 U.S.C.A. §§ 2000e *et seq.*

4. The notice requirement applicable to Title VII is set forth in 42 U.S.C.A. § 2000e–5(e) (1974), and provides in pertinent part:
   A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged

unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter

. . . . .

5. *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295, 1301 (5th Cir. 1979).

6. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 758, 99 S.Ct. 2066, 2072, 60 L.Ed.2d 609 (1979).

son v. Railway Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), which had held that a Title VII claim was separate and independent from a § 1981 claim [7] and that filing the Title VII charge with EEOC did not toll the statute of limitations applicable to the § 1981 suit. The Court also distinguished Burnett v. New York Central R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), a prior Supreme Court case involving the tolling of a statute of limitations. The Court noted in footnote ten that the plaintiff had not claimed that she had been "prevented from asserting" her rights, thus implying that that classic tolling situation would be available. 429 U.S. at 237, n. 10, 97 S.Ct. at 447, n. 10. Furthermore, although the Court did use the label "jurisdictional prerequisite" on one occasion, it used the term "limitations period" and other terms usually associated with statutes of limitation throughout the opinion. In fact, one of the holdings was that the expanded 180 day "limitations period," enacted by the 1972 amendments, was retroactive.[8] In so holding, the court quoted from Chase Securities Corp. v. Donaldson, 325 U.S. 304, 315–16, 65 S.Ct. 1137, 1142–43, 89 L.Ed. 1628 (1945): "[C]ertainly it cannot be said that lifting the bar of a statute of limitation so as to restore a remedy lost through mere lapse of time is per se an offense against the Fourteenth Amendment." We are not alone in reading Robbins & Myers as implying that equitable tolling is permissible; the Second Circuit,[9] the Third Circuit [10] and our own Chappell case, supra, have read Robbins & Myers similarly. The recent Supreme Court case of Delaware State College v. Ricks, —— U.S. ——, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), contains a similar characterization of Robbins & Myers:

> As to the latter argument, we already have held that the pendency of a grievance, or some other method of collateral review of an employment decision, does

not toll the running of the limitations periods. International Union of Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229 [97 S.Ct. 441, 50 L.Ed.2d 427] (1976) [14] The existence of careful proce-

[14] See also B. Schlei & P. Grossman, Employment Discrimination Law, 235 (1979 Supp.), and cases cited therein.

dures to assure fairness in the tenure decision should not obscure the principle that limitations periods normally commence when the employer's decision is made. Cf. id., at 234–235 [97 S.Ct. at 446].[15]

[15] We do not suggest that aspirants for academic tenure should ignore available opportunities to request reconsideration. Mere requests to reconsider, however, cannot extend the limitations periods applicable to the civil rights laws.

—— U.S. at ——, 101 S.Ct. at 506. See also Mohasco Corp. v. Silver, 447 U.S. 807, 818 n.22, 100 S.Ct. 2486, 2493 n.22, 65 L.Ed.2d 532, 543 n.22 (1980).

The trend of the Supreme Court cases is also significant. In the early cases, the Court in dicta referred to such time provisions using the label "jurisdictional prerequisite." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). In the 1976 Robbins & Myers decision the jurisdictional label was used once, but there were numerous references to "tolling the limitations period," 429 U.S. at 239, 97 S.Ct. at 448, and other labels obviously referring to a statute of limitations, as opposed to subject matter jurisdiction. See also United Air Lines v. Evans, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), in which both labels are used. From and after late 1977, all nine justices have concurred in opinions containing dicta using the limitations label to the exclusion of the jurisdictional label. Occidental Life Insurance Company v. EEOC, 432 U.S. 355, 371–72, 97 S.Ct. 2447, 2457, 53 L.Ed.2d 402 (1977);

---

**7.** 42 U.S.C.A. § 1981 (1974).

**8.** Prior to the 1972 amendments the Title VII limitations period had been 90 days.

**9.** Smith v. American President Lines, Ltd., 571 F.2d 102, 108–9 (2d Cir. 1978).

**10.** Hart v. J. T. Baker Chemical Co., 598 F.2d 829, 833 (3d Cir. 1979).

United Air Lines, Inc. v. McDonald, 432 U.S. 385, 391–92, 97 S.Ct. 2464, 2468, 53 L.Ed.2d 423 (1977); Mohasco Corp. v. Silver, 447 U.S. 807, 818–823, 100 S.Ct. 2486, 2493–95, 65 L.Ed.2d 532, 544–45 (1980); Delaware State College v. Ricks, — U.S. ——, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Finally, in Mohasco Corp. v. Silver, supra, the Court noted that the plaintiff had missed a related Title VII time provision by one day; rather than dismissing the action sua sponte, which the Court surely would have done if it considered the requirement to be a matter of subject matter jurisdiction, the Court merely mentioned in a footnote that "[p]etitioner did not assert respondent's failure to file the action within 90 days as a defense." 447 U.S. at 811 n.9, 100 S.Ct. at 2489 n.9, 65 L.Ed.2d at 539 n.9.

Another persuasive indication that the Supreme Court does not consider the timely filing of a claim to be a jurisdictional prerequisite is its treatment of Title VII class actions. As we noted in Chappell v. Emco Machine Works Co., 601 F.2d at 1298, and as the District of Columbia Circuit noted in Bethel v. Jefferson, 589 F.2d 631, 641 n.64 (D.C. Cir. 1978), the Supreme Court has held that not all members of a Title VII class action need exhaust their administrative remedies. United Air Lines v. McDonald, 432 U.S. 385, 389 n.6, 97 S.Ct. 2464, 2467 n.6, 53 L.Ed.2d 423 (1977); Franks v. Bowman Transportation Co., Inc., 424 U.S. 747, 771, 96 S.Ct. 1251, 1267, 47 L.Ed.2d 444 (1976); Albermarle Paper Co. v. Moody, 422 U.S. 405, 414 n.8, 95 S.Ct. 2362, 2370 n.8, 45 L.Ed.2d 280 (1975). Compare this treatment with that accorded class members in actions in which the court held that each class member must satisfy the jurisdictional amount of $10,000 in order to participate. Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). If the timely filing of an administrative claim is truly a jurisdictional prerequisite, then each class member should be required to file a claim before participating in a Title VII class action, just as each class member must satisfy the jurisdictional amount in other class actions. The fact that they do not is an indication that the Court does not consider the filing requirement to be jurisdictional.

Although no Supreme Court holding has addressed the precise issue before us, we conclude that there are definite and strong signals from the Court pointing toward a finding that the 180-day notice requirement is not a question of subject matter jurisdiction, but is a condition precedent—more in the nature of a statute of limitations—which is subject to equitable tolling.

2. The Developing Case Law in the Other Circuit Courts of Appeal

Although there is language in the earlier cases, and also an occasional holding, that the 180 day filing requirement is a jurisdictional prerequisite, the overwhelming trend is that the time provision is subject to equitable tolling. On August 11, 1980, the Sixth Circuit, in a unanimous opinion, en banc, overruled its prior cases which had held that the 180 day provision of ADEA was jurisdictional. Relying on its own struggles with the harshness of the jurisdictional rule, and on the developing law in other circuits, and on the legislative history relating to the 1978 amendments to ADEA, the Sixth Circuit clearly adopted equitable tolling. Wright v. State of Tennessee, 628 F.2d 949 (6th Cir. 1980) (en banc). Currently, the only circuit court of appeals case holding that the 180-day time period—in either the Title VII or the ADEA context— is jurisdictional is the Seventh Circuit. In re Consolidated Pretrial Proceedings, Etc., 582 F.2d 1142 (7th Cir. 1978), pet. for cert. pending sub nom. Zipes v. Trans World Airlines, Inc., 442 U.S. 916, 99 S.Ct. 2834, 61 L.Ed.2d 282 (1979). That case involves Title VII's time period, and was decided on the very same day, August 24, 1978, that the Seventh Circuit in Kephart v. Institute of Gas Technology, 581 F.2d 1287 (7th Cir. 1978), decided that the comparable 180 day provision of ADEA was not jurisdictional. Of course, Consolidated Pretrial did not cite Kephart. It relied on the earlier Supreme

Court cases which had used the jurisdictional label, but did not cite *Robbins & Myers* or the later Supreme Court cases, some of which were decided after *Consolidated Pretrial*, which use exclusively the "limitations" terminology.[11]

The following summary shows the present status of the other circuits with respect to the 180 day time provision of ADEA and Title VII:

a. First Circuit: The First Circuit has expressly reserved decision on the issue, both with respect to ADEA, *Ciccone v. Textron, Inc.*, 616 F.2d 1216 (1st Cir.), *vacated and remanded*, —— U.S. ——, 101 S.Ct. 311, 66 L.Ed.2d 143 (1980) and with respect to Title VII, *Daughtry v. King's Department Stores, Inc.*, 608 F.2d 906 (1st Cir. 1979).

b. Second Circuit: The Second Circuit has not yet definitely ruled on the issue in the ADEA context. *See Reich v. Dow Badische Co.*, 575 F.2d 363 (2d Cir.), *cert. denied* 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978). In the Title VII context, *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 109 (2d Cir. 1978), left the question open, but the court's discussion suggests a leaning toward the developing law favoring equitable tolling.

c. Third Circuit: The Third Circuit has adopted equitable tolling both in the ADEA context and in the Title VII context. *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978) (ADEA); *Hart v. J. T. Baker Chemical Co.*, 598 F.2d 829 (3d Cir. 1979) (Title VII).

d. Fourth Circuit: The Fourth Circuit has not addressed the issue in either the ADEA or the Title VII context.

e. Sixth Circuit: The Sixth Circuit has now adopted equitable tolling under both Acts. *Wright v. State of Tennessee*, 628 F.2d 949 (6th Cir. 1980) (en banc) (ADEA); *Leake v. University of Cincinnati*, 605 F.2d 255 (6th Cir. 1979) (Title VII).

f. Seventh Circuit: The Seventh Circuit has adopted equitable tolling in the ADEA context, *Kephart v. Institute of Gas Technology*, 581 F.2d 1287 (7th Cir. 1978), but has rejected it in the Title VII context. *See In re Consolidated Pretrial Proceedings, Etc., supra. But see* note 11, *supra.*

g. Eighth Circuit: The Eighth Circuit has adopted equitable tolling in the ADEA context, *Nielsen v. Western Electric Co.*, 603 F.2d 741 (8th Cir. 1979). In the Title VII context, the Eighth Circuit precedent is not absolutely clear, but it is probable that equitable tolling is available. *See Satz v. ITT Financial Corp.*, 619 F.2d 738, 745 n.11 (8th Cir. 1980); *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir. 1975); *Richard v. McDonnell Douglas Corp.*, 469 F.2d 1249 (8th Cir. 1972).

h. Ninth Circuit: The Ninth Circuit has apparently adopted equitable tolling under Title VII. *Cooper v. Bell*, 628 F.2d 1208 (9th Cir. 1980); *Malone v. North American Rockwell Corp.*, 457 F.2d 779 (9th Cir. 1972). But it has not definitely ruled on the issue with respect to the ADEA. *See Hageman v. Philips Roxane Laboratories, Inc.*, 623 F.2d 1381 (9th Cir. 1980) (court assumed without deciding that filing period was subject to equitable modification but concluded that circumstances did not warrant tolling).

i. Tenth Circuit: The Tenth Circuit has adopted equitable tolling under both Acts. *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976), *aff'd. by equally divided Court* 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977) (ADEA); *Sanchez v. Trans World Airlines, Inc.*, 499 F.2d 1107 (10th Cir. 1974) (Title VII).

---

11. In a subsequent case, the Seventh Circuit indicated that its position on the issue may be softening. In *Movement for Opportunity and Equality v. General Motors Corp.*, 622 F.2d 1235, 1241 (7th Cir. 1980), the court indicated that in special circumstances the requirement of a right-to-sue letter before suit is filed in the district court may be relaxed where the claim-ants' failure to obtain a letter is due to misleading acts of the EEOC, employer or union. The court cited *Leake v. University of Cincinnati, infra*, and *Dartt v. Shell Oil Co., infra*, which held that the time limits for filing a complaint with the appropriate agency under Title VII and under the ADEA respectively were subject to equitable tolling.

j. District of Columbia Circuit: The District of Columbia Circuit has adopted equitable tolling in the Title VII context. *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429 (D.C. Cir. 1976), *cert. denied* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). We have found no case in which the District of Columbia Circuit has addressed the issue in the ADEA context. However, *Bethel v. Jefferson*, 589 F.2d 631, 641–42, n.64 (D.C. Cir. 1978), holding that related Title VII provisions are nonjurisdictional, relied in part on the legislative history of the 1978 amendments to ADEA and implied that equitable tolling would be available under the ADEA.

### 3. *The Fifth Circuit Precedent*

With this background of signals from the Supreme Court and overwhelming precedent from the other circuits, we turn to our own Fifth Circuit precedent. GAB relies primarily on *McArthur v. Southern Airways, Inc.*, 569 F.2d 276 (5th Cir. 1978) (en banc), which involved Title VII's comparable requirement for filing a charge with the EEOC. GAB points to the court's language: "The district court should have dismissed this cause for lack of jurisdiction." 569 F.2d at 277. It is true that *McArthur* did use the label "lack of jurisdiction."

However, our discussion above of the Supreme Court cases indicates that the jurisdictional label has often been used loosely, and sometimes interchanged in the same opinion with statute of limitations terminology. In both *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975) and *Chappell v. Emco Machine Works Co.*, *supra*, panels of this court have recognized the fact that courts have often referred to these time provisions loosely as jurisdictional, without consideration of whether equitable tolling is permissible, and sometimes labeling the requirement as a jurisdictional prerequisite in one breath and considering in the next breath whether the time should be tolled because of some equitable reason.[12]

The *McArthur* plaintiffs-appellants made no equitable tolling arguments to the *en banc* court, arguing only that the alleged discriminatory acts were continuing violations. As noted by the *en banc* court, 569 F.2d at 277, the plaintiffs expressly conceded that *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977)—which did not address the jurisdiction issue,[13] but which squarely rejected the continuing violation argument—was controlling; they argued only that *Evans* should not be applied retroactively.[14] Since

---

**12.** With respect to Title VII, *see International Union of Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229 (1976); *Bickham v. Miller*, 584 F.2d 736 (5th Cir. 1978). With respect to ADEA, see *Thomas v. E. I. DuPont de Nemours & Co.*, 574 F.2d 1324, 1329–32 (5th Cir. 1978), and cases cited therein as examples of cases holding the ADEA's 180-day time provision is a jurisdictional prerequisite, but nevertheless entertaining consideration of whether sufficient facts have been alleged to support a finding of equitable tolling.

**13.** Although *United Air Lines, Inc. v. Evans*, *supra*, does use the jurisdictional label once in a footnote, 431 U.S. at 557 n.9, 97 S.Ct. at 1888 n.9, it uses language associated with statutes of limitations at several places in the opinion.

**14.** It is true that in the *en banc* brief filed by amicus, EEOC suggested that on remand the *McArthur* plaintiffs should be able to show equitable modification. It is also true that Judge Rubin, in dissent, clearly raised the same issue of whether the time provision involved the subject matter jurisdiction of the court and

suggested that equitable modification should be applied. 569 F.2d at 278–80. However, the majority opinion did not address the issue, probably because the plaintiffs had made no equitable tolling argument, had expressly conceded that *United Air Lines, Inc. v. Evans, supra*, was controlling, and had argued only that *Evans* should not be retroactively applied. In support of our view that the *McArthur* majority did not address the issue is the fact that the opinion did not cite *Reeb v. Economic Opportunity Atlanta, Inc., supra*, a case which would have had to have been overruled to permit a holding that the provision does involve subject matter jurisdiction, and also the fact that the *en banc* court in *White v. Dallas Independent School District*, 581 F.2d 556 (5th Cir. 1978)—decided only seven months after *McArthur*, but without even citing *McArthur*—approved equitable modification of a related Title VII provision. For the foregoing reasons, we do not believe that the *McArthur* majority addressed the issue, but any implication in *McArthur* that the time period does involve the court's subject matter jurisdiction is rejected and overruled.

we did not address the issue of equitable tolling in *McArthur*, GAB's reliance thereon is misplaced.

Both before and after our 1978 *McArthur* decision, panels of this court have held that Title VII's 180-day time period is subject to equitable tolling. Finding support from Fifth Circuit precedent, and also from the Supreme Court opinion in *Love v. Pullman Co., supra*, we held in *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975):

> The *ratio decidendi*, however, of the leading cases dealing with timing requirements in general under the Act compels the conclusion that the ninety day [Expanded to 180 days by the 1972 amendments, 42 U.S.C.A. § 2000e–5(e)] requirement is not 'jurisdictional' in the sense that compliance with it *vel non* determines the jurisdiction of the district court, without respect to any of the other circumstances in a particular case. We accept the view that the requirement should be analogized to statutes of limitations. Equitable modifications, such as tolling and estoppel, that are applied to them should also be applied here. The Act contemplates that complaints initiating EEOC proceedings will be brought in the first instance by laymen. It is reasonable, therefore, for courts to refuse to apply technical rules of common law pleading to charges filed initially with the Commission.

516 F.2d at 928 (citations omitted). In *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295 (5th Cir. 1979), Judge Charles Clark, writing for himself and Judge Wisdom over Judge Fay's dissent, carefully analyzed the Fifth Circuit precedent, including *McArthur*, and the relevant Supreme Court cases, and concluded:

> Since decisions of the Supreme Court and of this court have recognized that equitable considerations can, in certain circumstances, mitigate the demands of § 2000e–5(e) of Title VII [the 180 day

provision], holdings which characterize § 2000e–5(e) as jurisdictional do not preclude equitable modification of its requirements.

601 F.2d at 1301–02. In October 1978, barely seven months after the *McArthur* decision, the en banc court decided *White v. Dallas Independent School District*, 581 F.2d 556 (5th Cir. 1978) (en banc), which involved a related Title VII provision requiring under certain circumstances that a charge of discrimination be made first to an appropriate state agency before filing with EEOC. Although Mrs. White did file with EEOC, she had not first filed with the state and could not do so later because of the bar of the state statute of limitations. The district court dismissed Mrs. White's complaint for lack of jurisdiction. We held *en banc* that deferral to the state agency was required, but that Mrs. White's suit in district court should not have been dismissed because she was misled by EEOC letters to her indicating that her charge was timely and that she had met all other requirements, and because the EEOC failed to follow its own regulations requiring it to transmit charges to state or local agencies in deferral states. Although we expressly declined to decide whether the provision was a "jurisdictional prerequisite," we necessarily held that the equitable consideration of the misleading EEOC letters excused Mrs. White's failure to file with the state agency.

We conclude therefore that *McArthur* does not preclude equitable tolling and does not stand for the proposition that the 180-day provision relates to the subject matter jurisdiction of the court; accordingly, GAB's reliance on *McArthur* is misplaced. In the Title VII context, *Reeb v. Economic Opportunity Atlanta, Inc., supra*, and *Chappell v. Emco Machine Works Co., supra*, clearly establish the Fifth Circuit precedent as permitting equitable tolling of the 180 day provision.[15]

---

15. We are aware that several of our cases have used the jurisdictional label with reference to a different precondition to filing a Title VII suit, *i. e.*, the requirement that suit be filed within 90 days after receipt of the right-to-sue letter from the EEOC, 42 U.S.C.A. § 2000e–5(f)(1) (1974). *See Genovese v. Shell Oil Co.*, 488 F.2d 84 (5th Cir. 1973); *Wrenn v. American Cast Iron Pipe*

In the ADEA context *Charlier v. S. C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir. 1977), and *Thomas v. E. I. DuPont de Nemours & Co.*, 574 F.2d 1324 (5th Cir. 1978), contain comprehensive discussions of the Fifth Circuit precedent and note that the issue before us, *i. e.*, whether equitable tolling of ADEA's 180 day provision is permissible, has been expressly pretermitted. *See also Marshall v. Sun Oil Co. (Delaware)*, 605 F.2d 1331, 1337–39 n.8 (5th Cir. 1979).

### 4. The Legislative History

Neither the language nor the legislative history of either Act—Title VII or ADEA—provides a definitive answer to the issue we face. We do note that in each Act there is a provision [16] granting jurisdiction to district courts over actions brought under the Act; in neither case does the provision make exceptions to the grant of jurisdiction. We also note that in neither Act does the language of the 180 day provision make any reference to the jurisdiction of district courts.

Several courts have noticed, and we agree, that the legislative history of the two Acts provides very little guidance.[17] However, we do believe that what little guidance there is points toward the availability of equitable tolling. With respect to Title VII, we note the remarks of Senator Humphrey characterizing the time period for filing a claim as a "period of limitations" (110 Cong.Rec. 12723) and the statement of Senator Case that the purpose of the time period is to prevent the pressing of "stale" claims (110 Cong.Rec. 7243), an end usually associated with a statute of limitations. These comments do suggest that Congress intended the time period to operate like a statute of limitations. *See Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 475 n.345 (D.C. Cir. 1976), *cert. denied* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). *See also Satz v. ITT Financial Corp.*, 619 F.2d 738, 745 n.11 (8th Cir. 1980); Jackson and Matheson, *The Continuing Violation Theory and the Concept of Jurisdiction in Title VII Suits*, 67 Geo.L.J. 811, 841–50 (1979). The legislative history surrounding the 1972 amendments to Title VII affords even more compelling evidence that Congress intended the filing period to be a statute of limitations rather than a jurisdictional prerequisite. In the Final Conference Committee section-by-section analysis of H.R.1745, The Equal Employment Opportunity Act of 1972, 118 Cong.Rec. 7166,

---

*Co.*, 575 F.2d 544 (5th Cir. 1978). *See also Eastland v. TVA*, 553 F.2d 364 (5th Cir.), *cert. denied* 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977) (30-day period for filing suit by an aggrieved federal employee against his employer under 42 U.S.C.A. § 2000e–16(c) (1974) is a jurisdictional requirement). However, none of these cases addressed the issue of whether equitable tolling was permissible. In any event, subsequent decisions of this court indicate that the period for filing suit is more in the nature of a statute of limitations subject to equitable modification than a jurisdictional prerequisite. *See Chappell v. Emco Machine Works Co.*, 601 F.2d 1295, 1300–01 (5th Cir. 1979); *Page v. U. S. Industries, Inc.*, 556 F.2d 346, 350–51 (5th Cir. 1977), *cert. denied* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978); *Zambuto v. American Telephone And Telegraph Co.*, 544 F.2d 1333 (5th Cir. 1977).

The Supreme Court has impliedly resolved this question in *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). In that case, the Court noted that the Title VII complaint had not been filed in the district court within the 90-day period, but did not *sua sponte* dismiss the action as it would have had the Court considered it to be a question of subject matter jurisdiction. The Court simply noted that "[p]etitioner did not assert respondent's failure to file the action within 90 days as a defense," *id.* at 811, n.9, 100 at 2489 n.9, 65 L.Ed.2d at 539 n.9, implying that petitioner had waived that defense. A statute of limitations defense may be waived, but the subject matter jurisdiction of the court cannot be waived or conferred upon the court by consent of the parties.

**16.** Title VII jurisdictional provisions is found at 42 U.S.C.A. § 2000e–5(e) and (f) (1974). The ADEA jurisdictional provision is found at 29 U.S.C. § 626(c) (Supp.1980) (a civil action may be brought in any court of competent jurisdiction).

**17.** *Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485 (5th Cir. 1974) (ADEA); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir. 1977), *cert. denied* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed. 113 (1978) (ADEA); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 475 (D.C. Cir. 1976) (Title VII).

7167, the Committee characterized the filing period as a "time limitation." This analysis further stated:

> This subsection as amended provides that charges be filed within 180 days of the alleged unlawful employment practice. Court decisions under the present law have shown an inclination to interpret this time limitation so as to give the aggrieved person the maximum benefit of the law; it is not intended that such court decisions should be in any way circumscribed by the extension of the time limitations in this subsection.[18]

Turning to the legislative history of the ADEA, we note that in revising the very ADEA provision at issue in 1978, Congress expressly endorsed several circuit court opinions approving equitable tolling. The conferees stated:

> The conferees agree that the 'charge' requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA and that therefore equitable modification for failing to file within the time period will be available to plaintiffs under this Act. *See, e. g., Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976), affirmed by an evenly divided court, [434 U.S. 99] 98 S.Ct. 600 [54 L.Ed.2d 270] (1977); *Bonham v. Dresser Industries, Inc.*, 16 FEP Cases 510 (3d Cir. 1977); *Charlier v. S. C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir. 1977).

House Conference Report No. 950, 95th Cong., 2d Sess. at 12, *reprinted in* 1978 U.S.Code Cong. & Admin.News 504, 534 (footnote omitted). Although subsequent legislative history is not considered part of the legislative history of the Act and cannot overcome the clear and convincing import of contemporary legislative history, *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 758, 99 S.Ct. 2066, 2072, 60 L.Ed.2d 609 (1979), it is well established that subsequent legislative history is entitled to some weight, especially where the intent of the enacting Congress

is uncertain, *Cannon v. University of Chicago*, 441 U.S. 677, 686, n.7, 99 S.Ct. 1946, 1952, n.7, 60 L.Ed.2d 560 (1979). See also *Seatrain Shipbuilding Corp. v. Shell Oil Co.*, 444 U.S. 572, 596, 100 S.Ct. 800, 814, 63 L.Ed.2d 36, 54 (1980), stating:

> [W]hile the views of a subsequent Congress cannot override the unmistakable intent of the enacting one, . . . such views are entitled to significant weight . . . and particularly so when the precise intent of the enacting Congress is obscure.

(Citations omitted). It is evident from the foregoing excerpt of the legislative history of the 1978 amendments that Congress was aware of the prevalent view of various courts, including this one, that the ADEA's filing period is subject to equitable modification. Had this been an incorrect view of Congress' intent, Congress had the opportunity to correct it. In the absence of any clear intent by the enacting Congress, Congress' later acquiescence in and apparent approval of the judicial interpretations offers significant evidence that equitable modification of the time limit is appropriate.

### 5. Conclusion Concerning Equitable Tolling

To summarize, we find strong signals from the Supreme Court favoring equitable tolling. We find overwhelming authority from the other circuits favoring equitable tolling. Our own Fifth Circuit cases have adopted equitable tolling in the related Title VII context. The legislative histories of Title VII and the ADEA, though not conclusive, point toward equitable tolling. We also believe that consideration of equitable factors more nearly fits the statutory purpose than would a construction that the provision is a rigid jurisdictional prerequisite. Like Title VII of the Civil Rights Act of 1964, the ADEA is remedial legislation, and therefore entitled to the benefit of

---

**18.** At least two commentators have seized upon this analysis and concluded that Congress implied that the filing requirement is akin to a statute of limitations subject to tolling. *See* Jackson & Matheson, *The Continuing Violation* *Theory and the Concept of Jurisdiction in Title VII Suits*, 67 Geo.L.J. 811 (1979); *Note*, 65 Geo.L.J. 147, 163 n.98 (1976). *See also Statz v. ITT Financial Corp.*, 619 F.2d at 745 n.11; *Bethel v. Jefferson*, 589 F.2d at 641–42 n.64.

liberal construction. *Reeb v. Economic Opportunity Atlanta, Inc., supra.* Also like Title VII, the statutory scheme of ADEA contemplates initiation of compliance procedures by laymen, unassisted by lawyers, and accordingly procedural technicalities are inappropriate. *Love v. Pullman Co., supra.* The purposes to afford prompt notice to the employer and to promote nonjudicial resolution will not be undermined by the doctrine of equitable tolling; application of the doctrine will necessarily take such considerations into account. See *Love v. Pullman Co.,* 404 U.S. at 526, 92 S.Ct. at 618, suggesting that prejudice to the employer is relevant. For example, GAB surely cannot be heard to complain of a lack of prompt notice and opportunity to conciliate, if it is determined on remand that GAB's misrepresentation caused Coke to delay filing.

■ On the basis of Supreme Court authority, and that of our own and other circuits, and on the basis of the legislative history and purpose of the Act, we conclude that the 180-day provision at issue is a pre-condition to filing suit in district court, but is not related to the subject matter jurisdiction of the court. The provision is subject to equitable tolling.

## III. GENUINE ISSUE OF FACT AS TO EQUITABLE TOLLING

■ The posture of this case is significant. GAB's motion for summary judgment has been granted because Coke failed to notify the Secretary of Labor within 180 days of his demotion. Thus, Coke has not had an opportunity to develop at trial proof of facts which he asserts should equitably toll the 180 day requirement. On summary judgment, a court must draw all inferences of fact in favor of the party opposing summary judgment, and the burden is on the moving party to demonstrate that there is no genuine issue of fact.

It is well-settled that the party moving for summary judgment has the burden of

demonstrating that the Rule 56(c) test—'no genuine issue as to any material fact'—is satisfied and that he is entitled to judgment as a matter of law. The movant is held to a stringent standard. Before summary judgment will be granted it must be clear what the truth is and any doubt as to the existence of a genuine issue of material fact will be resolved against the movant. Because the burden is on the movant, the evidence presented to the court always is construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences that can be drawn from it. Finally, facts asserted by the party opposing the motion, if supported by affidavits or other evidentiary material, are regarded as true.

10 C. Wright and A. Miller, *Federal Practice and Procedure,* § 2727 at 524–30 (1973) (footnotes omitted). See also *United States Steel Corp. v. Darby,* 516 F.2d 961, 963 (5th Cir. 1975); *Clark v. West Chemical Products, Inc.,* 557 F.2d 1155, 1157 (5th Cir. 1977); 6 Moore's *Federal Practice,* § 56.-15[3]. It is also significant in this case that GAB, for purposes of summary judgment admitted the facts asserted in Coke's affidavit, offered no affidavits of its own, and argued in the court below only that the 180 day provision was a jurisdictional prerequisite.[19] Thus drawing all reasonable inferences from the affidavits in favor of Coke, as we must, we conclude that Coke has proffered evidence: first, that GAB misrepresented to Biegert its intent to reinstate Coke; second, that GAB knew or reasonably should have known that Biegert would convey the misrepresentation to Coke; and third, that Coke reasonably relied on the misrepresentation by forbearing from filing his ADEA claim. We conclude that there is a genuine issue of fact with respect to equitable tolling and that the district court erred in granting GAB's motion for summary judgment. *See generally,* Developments in the Law—Statutes of Limitations, 63

19. GAB also argued below that the alleged violation was not a "continuing" one, a position that Coke has now abandoned. *See* note 2, *supra.* GAB also made two fleeting and con-

clusory comments in its "Reply Memorandum in Support of Motion for Summary Judgment" to the effect that Coke had not been prevented from filing. R. 36, 40.

Harv.L.Rev. 1177, 1222–24 (1950).[20] The Supreme Court, in *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), stated:

> '[N]o man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations.

359 U.S. at 232–33, 79 S.Ct. at 761–62.

Accordingly, the judgment of the district court is REVERSED AND REMANDED.

FAY, Circuit Judge, with whom GEE, Circuit Judge, joins, specially concurring in the result only:

In writing for the court, Judge Anderson has done a scholarly job of assembling those authorities and pieces of legislative history which hint, imply, suggest or allow one to infer from silence that the 180-day filing requirement of the ADEA is subject to equitable tolling. An overwhelming majority of our *en banc* court agrees with our brother and consequently, until the Supreme Court deals directly with the issue, we have a clear statement of the law within our circuit. This is good.

As I stated in my partial dissent from the original panel opinion, 616 F.2d at 790, it concerned me that panels of our court ignored the clear (to me) holding of our *en banc* opinion in *McArthur v. Southern Airways, Inc.*, 569 F.2d 276 (5th Cir. 1978). That case has now been overruled.

Although I am unable to find in the cited Supreme Court opinions the support necessary to conclude that Congress did not mean what it said, I have no stomach for continuing to urge the harshness of an absolute condition precedent (timely notice) to such claims. My brothers and sisters find that equitable tolling has a place in the

presentation of such claims. This will most certainly allow many more to be decided on the merits. Abstract justice is not always inappropriate.

---

**20.** "The elusive principle of estoppel prevents a defendant from asserting the statutory bar when his representations or conduct have induced the plaintiff to forbear from prosecuting his known cause of action, and the limitation period has expired while the plaintiff continues to forbear." 63 Harv.L.Rev. at 1222 (footnotes omitted). *See also Ott v. Midland-Ross Corp.*, 523 F.2d 1367 (6th Cir. 1975); *Potter v. Continental Trailways, Inc.*, 480 F.Supp. 207 (D.Colo. 1979).