**Burnette DYER**

v.

**PARISH OF JEFFERSON, LOUISIANA.**

Civ. A. No. 84–5653.

United States District Court, E.D. Louisiana.

July 10, 1985.

Trombatore & Moulton, Allen Winkler, Janet Moulton, Buford Terrell, Kenner, La., for plaintiff.

Clement P. Donelon, Asst. Parish Atty., Jefferson Parish, Metairie, La., for defendant.

SEAR, District Judge.

Plaintiff, Burnette Dyer, brought this action on November 26, 1984 against defendant, the Parish of Jefferson, alleging that he was dismissed from his employment in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("the ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Plaintiff was employed as an aide in the Jefferson Parish Animal and Pest Control Department and was dismissed on November 10, 1984 on the stated ground that he had twice violated departmental rules by leaving his assigned work area without permission. Plaintiff appealed to the Jefferson Parish Personnel Board on November 28, 1983. After a hearing, the Board denied plaintiff's appeal on May 29, 1984. Thereafter, on June 12, 1984, plaintiff filed a charge with the Equal Employment Opportunity Commission ("the EEOC") alleging that his employment had been terminated because of his race, black, and his age, 55. The EEOC dismissed plaintiff's charge and issued him a notice of right to sue on September· 24, 1984.[1]

Defendant has moved for summary judgment asserting that plaintiff failed to file a charge timely with the EEOC and that his claim is therefore barred. There is no dispute between the parties as to historical facts; they merely disagree about the proper applications of the law to those facts.

Section 706(e) of Title VII provides that "a charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred...." 42 U.S.C. § 2000e–5(e). Similarly, section 7(d) of the ADEA provides that "a charge shall be filed within 180 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d)(1). The Supreme Court has held that the limitations period begins to run at the time of the notice of termination. *Elliot v. Group Medical & Surgical Service,* 714 F.2d 556, 563 (5th Cir.1983); *see Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (180 day limitations period began to run when notice of termination was given, not on date employment was terminated); *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) (period began running at time plaintiff was denied tenure, not at expiration of one year "terminal contract" or of grievance procedure).[2]

Where a state has a law prohibiting discrimination in employment, and has established or authorized a state authority

---

**1.** The notice of right to sue, however, does not mention plaintiff's charge of race discrimination. It states only that the EEOC "will not proceed further with its processing of the above referenced case under the Age Discrimination in Employment Act (ADEA) because the EEOC was unable to substantiate the allegations of discrimination." Nevertheless, both parties agree that the failure of the EEOC to include plaintiff's charge of race discrimination in his notice of right to sue was merely a clerical error. In any case, my resolution of this motion renders the issue moot.

**2.** Although these cases involve Title VII and not the ADEA, the Supreme Court and the Fifth Circuit have considered cases brought under one to have precedential value in cases brought under the other. *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 587 (5th Cir.1981) (*en banc*); *see Elliot v. Group Medical & Surgical Service,* 714 F.2d 556, 557 n. 1 (1983). Accordingly, these decisions must be read as equally applicable to both plaintiff's claims under the ADEA and Title VII.

to grant or seek relief from such discriminatory practice, see 29 U.S.C. § 633 (ADEA § 14); 42 U.S.C. § 2000e–5(c) (Title VII § 706(c)), both the ADEA and Title VII extend the time for filing a charge. Title VII extends the time for filing of a charge to 300 days where:

> the person aggrieved has initially instituted proceeding with a State or local agency with authority to grant or seek relief from such practice …

42 U.S.C. § 2000e–5(e). The ADEA also extends the time for filing to:

> 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

29 U.S.C. § 626(d)(2). The regulations of the EEOC set forth the state and local agencies referred to in section 706(c) of Title VII, the proceedings of which cause deferral of the time for the filing of a charge with the EEOC. The Jefferson Parish Personnel Board is not listed; indeed, no agency within the state of Louisiana is listed. See 29 C.F.R. § 1601.74. Although the EEOC's regulations do not contain a similar list of the agencies referred to in section 14 of the ADEA, section 14 of the ADEA is nearly identical to section 706(c) of Title VII; it cannot be presumed that an agency that fails to qualify under Title VII will nevertheless qualify under the ADEA. Moreover, plaintiff's appeal to the Jefferson Parish Personnel Board did not allege that his employment was terminated because of his age.[3] Consequently, even if the Jefferson Parish Personnel Board met the requirements of section 14 of the ADEA, plaintiff's appeal could not cause deferral of the time for the filing of a charge of age discrimination with the EEOC.

In this case, plaintiff was notified and his employment terminated on November 10, 1983. He did not file a charge with the EEOC until June 12, 1984, more than 180 days later. The Supreme Court, however, has held that the filing of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to actions under Title VII, "but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394, 102 S.Ct. 1127, 1133, 71 L.Ed.2d 234 (1982); *see also Price v. Southwestern Bell Telephone Co.*, 687 F.2d 74, 79 n. 6 (5th Cir.1982); *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 595 (5th Cir. 1981) (*en banc*). Thus, plaintiff's claims may not be barred if the limitations periods were tolled for a portion of the time after he was notified of his termination and before he filed a charge with the EEOC.

There are three situations in which equitable tolling of the 180 day limitations period is appropriate: (1) where suit is pending in state court; (2) where the claimant is unaware of facts giving rise to the Title VII claim; and (3) the EEOC mislead the claimant about the nature of his Title VII rights. *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247 (5th Cir. 1985). Plaintiff has not alleged that he ever filed suit in state court, was unaware of the facts giving rise to his claim, or that he was mislead by the EEOC. Nevertheless, he contends that his appeal of his dismissal to the Jefferson Parish Personnel Board tolled the limitations period.[4] The Supreme Court, however, has held that 180 day limitations period is not tolled by initiation of an arbitration procedure. The court reasoned that:

> petitioner Guy in the grievance proceedings was not asserting the same statu-

---

3. Plaintiff's petition to the Jefferson Parish Personnel Board is not very lucid. If anything, it indicates that he believed that he had been discriminated against because of his race. Exhibit B to Dfnt's Mt.Sum.J.

4. Although plaintiff's opposition memorandum can perhaps more easily be read as asserting that he was not dismissed until the Personnel Board denied his appeal, an analogous argu-

ment regarding a grievance procedure was summarily rejected by the Supreme Court in *Intern. U. of Elec. Wrkrs. v. Robbins & Myers*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). To paraphrase the Court, "[f]or all that appears, [plaintiff] was fired as of [November 10, 1983], and all parties so understood. [He] stopped work and ceased receiving benefits as of that date … There being no indication that eithr party viewed the [November 10] discharge as

tory claim in a different forum, nor giving notice to respondent of that statutory claim, but was asserting an independent claim based on a contract right.

*Intern. U. of Elec. Wrkrs. v. Robbins & Myers*, 429 U.S. 229, 239, 97 S.Ct. 441, 448, 50 L.Ed.2d 427 (1976) (emphasis in original). Plaintiff's appeal in this case was pursuant to his contractual right as an employee of the Parish of Jefferson to appeal disciplinary action taken against him, and was not a claim under either Title VII or the ADEA. It provided no notice to defendant of plaintiff's claims based on these statutes, and therefore did not toll the statutory limitations periods. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment be **GRANTED**.

anything other than 'final,' there is certainly no reason for us to now torture this mutual understanding by accepting the bare assertions to the contrary raised by [plaintiff]." *Id.* at 235–36, 97 S.Ct. at 446–47 (footnote omitted).