**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 01-41276

---

MARCIA R. COFFMAN,

Plaintiff - Appellant,

VERSUS

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, and
WAYNE SCOTT,

Defendants - Appellees.

---

Appeal from the United States District Court
For the Eastern District of Texas

---

(01-CV-466)

November 19, 2002

Before DAVIS, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

After reviewing the briefs and pertinent portions of the record and hearing the arguments of counsel, we agree with the magistrate judge that the doctrines of equitable tolling and equitable estoppel do not save Coffman's Title VII claims from

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

being time-barred.

In her deposition, Coffman testified that she learned about what qualifies as sexual harassment in a correctional studies course she took in 1994. She also learned in that course that victims have rights in response to sexual harassment. In addition, before the September 1996 incident, Coffman attended a mandatory meeting at her unit on the topic of sexual harassment, and her supervisors discussed the Department's intolerance of sexual harassment during staff meetings on at least two occasions. Because the record reflects that Coffman had general knowledge of her right not to be harassed on the basis of her sex, equitable tolling does not apply in this case.[1]

Furthermore, for equitable estoppel to apply, the TDCJ must have reasonably induced Coffman to refrain from exercising her rights.[2] But Coffman testified in her deposition that nobody at the TDCJ led her to believe that the Department's internal equal employment opportunity division was the same entity as the federal EEOC. And in response to the defendants' motion for summary judgment, Coffman did not go beyond the allegations in her pleadings and designate specific facts showing that the Department

---

[1]*See Clark v. Resistoflex Co.*, 854 F.2d 762, 768 (5th Cir. 1988) (ADEA case); *see also Coke v. Gen. Adjustment Bureau, Inc.*, 640 F.2d 584, 587, 594–95 (5th Cir. 1981) (en banc) (finding Title VII and ADEA cases to be interchangeable on the issues of timeliness of an EEOC charge and equitable tolling).

[2]*Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 391 (5th Cir. 2002).

intentionally delayed its investigation in this matter so that she would miss the deadline for filing a charge of discrimination with the EEOC. Finally, Coffman has not shown that there is a genuine issue for trial concerning whether Investigator Cynthia Tilley's alleged representation that she would "take care of everything" was broader in scope than the Department's internal investigation of Coffman's complaint. Consequently, the defendants are not equitably estopped from asserting the 300-day limitations period.

**AFFIRMED**.