Calvin RHODES, Plaintiff–Appellant,

v.

GUIBERSON OIL TOOLS DIVISION a/k/a F I E, a/k/a Division Dresser Industries, Inc., Defendant–Appellee.

No. 90–3178.

United States Court of Appeals, Fifth Circuit.

April 3, 1991.

Rehearing Denied May 15, 1991.

Joseph L. Waitz, Randall L. Bethancourt, Waitz & Downer, Homa, La., for plaintiff-appellant.

Howard L. Janco, Dresser Industries, Inc., Dallas, Tex., Robert Gabriel Coury, J. Paul Demarest and Thomas J. Lutkewitte, Favret & Favret, New Orleans, La., for defendant-appellee.

Before POLITZ, WILLIAMS, JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Plaintiff-appellant Calvin Rhodes sued defendant-appellee Guiberson Oil Tools Division on the ground that Guiberson Oil violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 (1988), (ADEA) when it discharged him. The jury found that Guiberson Oil discriminated against Rhodes on the basis of his age.

The magistrate judge, who was to decide all issues except liability, then ruled that Rhodes had failed to file his charge with the Equal Employment Opportunity Commission in a timely fashion. On this basis, the magistrate judge dismissed Rhodes' case with prejudice.

## I. FACTS AND PRIOR PROCEEDINGS.

On October 15, 1986, Calvin Rhodes received notice that he would be discharged from his job with Guiberson Oil Tools Division because of a reduction in work force. The reason for his termination seemed credible to Rhodes. He worked in the oil field industry, which was suffering a deep recession in 1986. His last day on the job was October 31, 1986. At that time, Rhodes was 56–years–old and made $65,-000. On his severance report, Guiberson Oil indicated that Rhodes was discharged because of a reduction in work force and that it would consider re-hiring Rhodes. On or about December 19, 1986, Rhodes discovered that four days earlier, Guiberson Oil had hired a 42–year–old at $36,000 to replace him. On April 28, 1987, Rhodes filed a charge with the Equal Employment Opportunity Commission (EEOC), 195 days after he received notice of his termination. Assuming that the 180 day limit for his charge began running on the date of his discharge, the filing was 15 days late. Rhodes told the EEOC on June 21, 1988, that he would pursue his discrimination claim in federal court. On this basis, the EEOC dismissed Rhodes' EEOC charge.

On August 10, 1988, he filed a federal suit under the Age Discrimination in Employment Act. The parties agreed that the jury would decide the issue of liability and the magistrate judge would decide the remaining issues. The jury found that Guiberson Oil had terminated Rhodes because of his age, although it had not done so "willfully".[1] The magistrate judge then

---

[1]. The text of the jury instruction on "willfully" was: "Such discrimination is willful if the defendant knew that its discriminatory conduct was prohibited by law or showed a reckless disregard of whether or not its discriminatory conduct was prohibited by law." Neither the magistrate judge nor the parties have raised any issue that the jury finding of lack of willfulness had any effect on whether the statements made

held a hearing on the issue of damages and accepted post-trial memoranda on the issues of damages and timeliness. The magistrate judge found that the period for filing a claim with the EEOC had expired before Rhodes filed his charge with the EEOC and the period could not be extended under equitable tolling or equitable estoppel. The magistrate judge dismissed Rhodes' suit with prejudice. Rhodes appeals, contending that his suit is not time-barred. The sufficiency of the evidence supporting the jury verdict is not before us. Guiberson Oil did not raise this issue in its brief or at oral argument.

## II. PRE–CONDITIONS TO AN ADEA SUIT.

■■■ Employees cannot commence a civil action under the ADEA until 60 days after they have filed a charge with the EEOC alleging unlawful discharge. 29 U.S.C. § 626(d) (1988). ADEA required that Rhodes file such a charge within 180 days of the alleged discriminatory act. *Id.* at § 626(d)(1). Rhodes was not entitled to the 300–day filing period applicable to plaintiffs in deferral states. Louisiana has no state agency for age discrimination complaints and is therefore not a deferral state. *See Id.* §§ 633(b), 626(d)(2); La.Rev. Stat.Ann. §§ 23:971–76 (West 1985); *see generally Blumberg v. HCA Management, Co.,* 848 F.2d 642, 646 (5th Cir.1988), *cert. denied,* 488 U.S. 1007, 109 S.Ct. 789, 102 L.Ed.2d 781 (1989); *Mennor v. The Fort Hood Nat'l Bank,* 829 F.2d 553, 554–56 (5th Cir.1987). The statute provides that the 180–day filing period begins when the employee receives notice of discharge. *See generally Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (per curiam); *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). According to this rule, the filing period for Rhodes began October 15, 1986, the date he received notice of his termination, and ended fifteen days before he filed his complaint with the EEOC.

by the company at the time of Rhodes' dis-

## III. EQUITABLE TOLLING AND EQUITABLE ESTOPPEL.

■■ Even though Rhodes did not file his complaint with the EEOC within 180 days of the notice of his termination, his federal suit is not necessarily time-barred. The EEOC filing requirement functions as a statute of limitations rather than a jurisdictional prerequisite. It is "a pre-condition to filing suit in district court, but is not related to the subject matter jurisdiction of the court." *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 595 (5th Cir.1981) (en banc); *see also Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982). The filing deadline is thus subject to equitable modification, i.e. tolling or estoppel, when necessary to effect the remedial purpose of ADEA. *Clark v. Resistoflex Co., A Div. of Unidynamics Corp.,* 854 F.2d 762, 765 (5th Cir.1988).

The Fourth Circuit recently explained the difference between equitable tolling and equitable estoppel: "Equitable tolling focuses on the plaintiff's excusable ignorance of the employer's discriminatory act. Equitable estoppel, in contrast, examines the defendant's conduct and the extent to which the plaintiff has been induced to refrain from exercising his rights." *Felty v. Graves–Humphreys, Co.,* 785 F.2d 516, 519 (4th Cir.1986) (footnote omitted) (quoted in *Clark v. Resistoflex Co., A Division of Unidynamics Corp.,* 854 F.2d 762, 769 n. 4 (5th Cir.1988)). A case of equitable tolling would arise, for example, if the employer had failed to post information about employees' rights under federal anti-discrimination laws, *Clark,* 854 F.2d at 767, or if the employee "could not by the exercise of reasonable diligence have discovered essential information bearing on his claim." *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 452 (7th Cir.1990). Equitable tolling focuses on the employee's ignorance, not on any possible misconduct by the employer.

■■ Under equitable estoppel, an employer is estopped from asserting the filing period if the employer misrepresented or

charge were misleading or false.

concealed "facts necessary to support a discrimination charge." *Pruet Prod. Co. v. Ayles*, 784 F.2d 1275, 1280 (5th Cir.1986). If the defendant did conceal facts or misled the plaintiff and thereby caused the plaintiff not to assert his rights within the limitations period, the defendant is estopped from asserting the EEOC filing time as a defense. *See id.; see also Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 595–96 (5th Cir.1981) (en banc); *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. Unit A April 1981); *Woodard v. Western Union Tel. Co.*, 650 F.2d 592, 595 (5th Cir. Unit B July 1981); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir.1975). Although this case touches on both doctrines, it focuses more on equitable estoppel rather than equitable tolling because Rhodes claims he was untimely because Guiberson Oil mislead him about the reasons for his discharge. *See Cada*, 920 F.2d at 451–52.

■ Rhodes has the burden of proving that Guiberson Oil is estopped from relying on the EEOC filing period. *Blumberg v. HCA Management, Co.*, 848 F.2d 642, 644 (5th Cir.1988), *cert. denied*, 488 U.S. 1007, 109 S.Ct. 789, 102 L.Ed.2d 781 (1989). Rhodes must prove that the defendant concealed facts or misled him about the reasons for his termination. The limitations period is then tolled until he knew or should have discovered the misrepresentation or concealment that caused him to delay filing his complaint. The magistrate judge held that Rhodes did not prove that he was entitled to equitable tolling or equitable estoppel. In so holding, she stated her fact findings in a written opinion.

## IV. STANDARD OF REVIEW.

■ We first set out the applicable standard of review. The case was submitted to the magistrate judge by consent of the parties under 28 U.S.C. § 636(c) (1988). The magistrate judge's rulings are directly appealable to the Court of Appeals, *id.* at § 636(c)(3), and they are reviewed under the same standard of review afforded rulings by a district judge. We must decide, therefore, what types of rulings the magistrate judge made and what standard of review applies to such rulings.

At the close of Rhodes' case-in-chief, Guiberson Oil made a motion for a directed verdict on the ground that Rhodes' EEOC charge was untimely. The magistrate judge reserved ruling on the motion. After the jury found Guiberson Oil guilty of age discrimination, the magistrate judge found Rhodes' claim time barred and dismissed it with prejudice, "having considered the petition, the record, law, and written responses assigned."

Although Guiberson Oil made a motion for directed verdict on the issue of timeliness, we do not treat the magistrate judge's ruling as a directed verdict for two reasons. First, Guiberson Oil could not make a motion for directed verdict on the issue of timeliness because the magistrate judge was by agreement to decide timeliness, not the jury. No jury instructions on timeliness or questions regarding equitable estoppel or equitable tolling were submitted to the jury. *See generally In the Matter of Waller Creek, Ltd.*, 867 F.2d 228, 232 (5th Cir.1989); *North Miss. Communications, Inc. v. Jones*, 792 F.2d 1330, 1333 (5th Cir.1986). The parties had agreed that the jury would only decide liability. Guiberson Oil should have made a motion for involuntary dismissal under Rule 41(b) at the close of Rhodes' case-in-chief.

Second, the magistrate judge did not use the standard applicable to a motion for directed verdict. *See Boeing v. Shipman*, 411 F.2d 365, 370–73 (5th Cir.1969) (en banc). Rather, the magistrate judge considered all evidence, made credibility judgments, and drew inferences unfavorable to Rhodes. Thus, we do not review the magistrate judge's ruling under the more exacting directed verdict standard. Instead her factual findings are entitled to stand unless they are clearly erroneous as afforded by Rule 52(a) to findings of fact made by the bench.

## V. TIMELINESS OF RHODES' EEOC CHARGE.

■ The magistrate judge found that Guiberson Oil took no action to conceal

facts or mislead Rhodes. She ruled that she

> has no reason to dispute the plaintiff's statement that he was unaware of the basis for an age discrimination claim until he learned of the hiring of someone younger than himself shortly before Christmas. However, there is simply no reason or basis to make the defendant responsible for this lack of knowledge. The ultimate question here is not whether the plaintiff lacked all operative facts with which to assess his position but whether or not the defendant did anything to conceal facts or mislead the plaintiff thereby causing him to rest on his claim. In this regard, the court has reviewed the plaintiff's trial testimony. In that trial testimony, he sets forth no actions on the part of defendant calculated to force him, or any other reasonable person in his situation, to fail to approach the E.E.O.C. sooner than he did. The defendant did not indicate to plaintiff that he would not be replaced; nor did it indicate to him that another person would not be hired in a sales position. This being the case, the undersigned believes that the plaintiff has not carried his burden of proof on the issue of the applicability of the doctrine of equitable estoppel.

After a careful review of the entire record, see *Rendon v. AT & T Technologies*, 883 F.2d 388, 392 (5th Cir.1989), we are "left with the definite and firm conviction that a mistake has been committed" in the magistrate judge's factual findings on equitable estoppel. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *see also Amadeo v. Zant*, 486 U.S. 214, 222–24, 108 S.Ct. 1771, 1777, 100 L.Ed.2d 249 (1988).

The magistrate judge made two primary fact findings: (1) "defendant did not indicate to plaintiff that he would not be replaced"; and (2) Rhodes "sets forth no actions on the part of the defendant calculated to force him, or any other reasonable person in his situation, to fail to approach the E.E.O.C. sooner than he did." On the basis of these two facts, the magistrate judge held that Rhodes was not legally entitled to equitable estoppel.

We generally agree with the magistrate judge that "the facts as related to this issue are now largely not in dispute." We must ultimately disagree with the magistrate judge's conclusion, however, because she ignores two statements made to Rhodes on his severance report. The magistrate judge relied almost exclusively on the fact that Guiberson Oil did not explicitly tell Rhodes that it would not hire anyone else. But Guiberson Oil nevertheless indicated that Rhodes would not be replaced. On Rhodes' severance report, Guiberson Oil clearly stated (1) that Rhodes was being terminated because of a reduction in work force and (2) that it would consider re-hiring Rhodes. Thus, Guiberson Oil by implication told Rhodes that he would not be replaced.

The record shows that the company's misstatements lulled Rhodes into not approaching the EEOC sooner. Rhodes did not have enough facts to be sufficiently aware of a possible claim and thus place an EEOC charge. He only knew that Guiberson Oil said it was reducing its work force, he would be terminated, and he was 56–years–old. He had no reason to suspect that the reason he was discharged was because of his age—as the jury later found—and thus that he should file a complaint with the EEOC. The oil industry was in a recession, and Guiberson Oil's proffered explanation seemed highly credible. Because of Guiberson Oil's representations to Rhodes, he was precluded from evaluating his legal options until he discovered that he had been misled by the misrepresentations. In this way Guiberson Oil committed a wrong against Rhodes that induced Rhodes to refrain from exercising his rights.

We conclude, therefore, that the magistrate judge committed clear error in finding that Guiberson Oil "did not indicate to plaintiff that he would not be replaced and that no actions on the part of defendant (were) calculated to force him, or any other reasonable person in his situation, to fail to

approach the EEOC sooner than he did." Instead the facts clearly demonstrated at trial that Guiberson Oil concealed facts and misled Rhodes. The statements on Rhodes' severance report were revealed to have been false. There was no reduction in work force as far as Rhodes' position went. The position was not eliminated or combined with another position. Instead, Guiberson Oil hired an employee not within the protected age group at a lower salary for Rhodes' former position. At trial, Guiberson Oil's defense did not even focus on the issue of a reduction in work force. Guiberson Oil's defense was that Rhodes was discharged because of his poor work performance, and it had no intention of re-hiring Rhodes. Thus, its proffered reason for the termination was conceded by its case as being completely misleading.

Guiberson Oil should not be able to take advantage of its misstatements. We review the applicability of equitable estoppel to the facts of this case de novo as a question of law. We hold that equitable estoppel should apply. The filing period was tolled under equitable estoppel until Rhodes discovered the falsity of Guiberson Oil's statements, on or about December 19, 1986.

This case is closely akin to *Coke* and *Reeb* (previously cited). In *Coke*, 640 F.2d at 595, we ruled en banc that the district court should not have awarded the defendant summary judgment on the ground that plaintiff's EEOC charge was untimely. Drawing reasonable inferences from affidavits in favor of the plaintiff, we noted that the defendant misrepresented its intention to reinstate plaintiff to one of defendant's customers (who wanted plaintiff reinstated), the defendant knew or should have known that the customer would convey this misrepresentation to the plaintiff, and that plaintiff reasonably relied on the misrepresentation in not filing his ADEA claim in a timely fashion. We held that these facts, if proved, would suffice to prove equitable estoppel.

The facts in *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d at 931, are even more analogous to this case. Claim-ant was falsely told that his job was terminated because of inadequate funds. This false claim differs virtually not at all from the claim that a reduction in work force was the cause. The misrepresentation actively lulled Reeb into missing the EEOC filing deadline. We tolled the filing period until the time when Reeb became aware of the facts necessary to support a discrimination charge.

*Coke* and *Reeb* together control Rhodes' claim. Here the defendant was told on his severance report that he might be reinstated, a misrepresentation similar to the one in *Coke*, and that he was being laid off because of a reduction in work force, a misrepresentation for all practical purposes identical to the one in *Reeb*. These misrepresentations, combined with the economic downturn in the oil industry, should have been found by the magistrate judge to have misled Rhodes from thinking that he was being discharged because of his age.

The Fifth Circuit cases upon which Guiberson Oil relies do not address the issue. In both of them the employee had sufficient facts to evaluate the possibility of age discrimination. In *Blumberg v. HCA Management Company*, 848 F.2d 642, 645 (5th Cir.1988), *cert. denied*, 488 U.S. 1007, 109 S.Ct. 789, 102 L.Ed.2d 781 (1989), the plaintiff "was advised at the time of her termination that she was being discharged for cause, and she was able to evaluate the propriety of the reasons for her dismissal immediately." Rhodes, on the other hand, was told and therefore thought he was laid off because an actual economic downturn required a reduction in work force. Until he learned he was replaced by a younger man, he could not be expected to evaluate the "propriety of the reasons" for his dismissal because until then the excuse of reduction in work force seemed highly reasonable and because he did not have sufficient facts with which to approach the EEOC. Further, Guiberson Oil had told Rhodes that he was an employee worthy of being considered for re-hire. Rhodes had no reason, until discovery of Guiberson Oil's hiring of a replacement, to suspect that Guiberson Oil was guilty of age discrimination. In contrast the plaintiff,

Blumberg, knew the company's asserted reason for discharge from the time of termination.

In *Pruet Production Company v. Ayles*, 784 F.2d 1275, 1280 (5th Cir.1986), the plaintiff knew three facts that Rhodes did not: that he was fired for lack of ability, that he would be replaced, and that his replacement was outside the protected age group. The plaintiff clearly had the facts from the date of termination that should have enabled him to evaluate the discharge and suspect discrimination. Here Rhodes had no idea of the possibility of discrimination when he received notice of termination and did not discover such a possibility until almost two months later.

Guiberson Oil claims that its hiring of a replacement was irrelevant to Rhodes' filing of a claim. Even though the standard for filing a complaint with the EEOC is more lenient than that for a prima facie case, the fact the Guiberson Oil replaced Rhodes was still highly relevant for an employee in Rhodes' circumstances. Knowing that he was 56–years–old and would be discharged from his job was simply not enough to go to the EEOC and file a charge when Rhodes was told that he was being discharged because of a reduction in work force (a reasonable statement in light of the economic downturn in the Louisiana oil field industry). Further, it bears reemphasis that Guiberson Oil told Rhodes that he would be considered for re-hiring. *See Blumberg v. HCA Management, Co.*, 848 F.2d 642, 645 (5th Cir.1988), *cert. denied*, 488 U.S. 1007, 109 S.Ct. 789, 102 L.Ed.2d 781 (1989) ("[A] plaintiff who is aware that she is being replaced in a position she believes she is able to handle by a person outside the protected age group knows enough to support filing a claim."); *Wilkerson v. Siegfried Ins. Agency, Inc.*, 621 F.2d 1042 (10th Cir.1980).

## VI. CONCLUSION.

In sum, the magistrate judge was clearly erroneous in finding that Guiberson Oil did not conceal facts or mislead Rhodes. It concealed the fact that it was going to replace Rhodes and misrepresented the facts when it told Rhodes that he was being terminated because of a reduction in work force and that it would consider re-hiring him. The misrepresentations and concealment prejudiced Rhodes' awareness of the possibility of age discrimination. Guiberson Oil cannot properly assert the bar of the statutory filing period when it clearly misled Rhodes. The company is estopped from claiming that the limitations period began to run until Rhodes discovered the misrepresentations, on or about December 19, 1986.

This is not to say that all employees whose employers make misrepresentations about the reason for the employees' dismissal are entitled to equitable estoppel. As the Supreme Court noted: "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (per curiam); *see also Cruce v. Brazosport Indep. School Dist.*, 703 F.2d 862, 864 (5th Cir. 1983) (per curiam) (same). There is no showing of lack of diligence in this case.

We REVERSE the decision of the magistrate judge setting aside the verdict of the jury and REMAND for a determination on damages and further proceedings consistent with this opinion.

REVERSED AND REMANDED.