**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-20310
Summary Calendar

_____

JUAN SANCHEZ,

Plaintiff-Appellant,

versus

WILLIAM J. HENDERSON, Postmaster
General, UNITED STATES POSTAL
SERVICE

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-1917)

_____

December 22, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Juan Sanchez appeals the district court's grant of summary judgment, dismissing his claim under the Rehabilitation Act against Defendant-Appellee Marvin Runyon, Postmaster General of the United States Postal Service (the "Postal Service").[2] Concluding that Sanchez did not timely file his discrimination complaint with the Equal Employment Opportunity

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] William J. Henderson is now Postmaster General and was substituted for Marvin Runyon pursuant to Fed. R. App. Proc. 43(c).

Commission ("EEOC") and that the Postal Service is not equitably estopped from relying on this failure, we affirm the district court's summary judgment.

I.

FACTS AND PROCEEDINGS

In the summer of 1993, Sanchez was employed as a mail carrier by the United States Postal Service at the Westbrae Station in Houston, Texas. As a result of a previous knee injury, Sanchez was on limited duty, sorting mail for delivery. In June 1993, Judy Mire, the Westbrae station manager, informed Sanchez that she intended to replace his mail sorter — a horizontal case — with a vertical sorting case. Although Sanchez objected, Mire ordered the cases switched. Sanchez estimates that his horizontal case was replaced a few weeks after the initial meeting with Mire.

Sanchez alleges that, because using the vertical case required him to stand for longer periods of time than did using the horizontal case, he began to experience problems with his knee. Sanchez complained to Mire and requested that she allow him to use a horizontal case. Sanchez asserts that Mire refused to permit him do so, stating that the Postal Service now mandated that all mail sorters use vertical cases. Although the exact date is unclear, the parties agree that this conversation occurred sometime in the late summer of 1993.

Sanchez was off work from October 1993 to mid-February 1994.[3]

---

[3]Sanchez alleges that, after Mire refused to replace his vertical sorting case, his physician "did not want him to return to work." The Postal Service asserts that Sanchez left the Westbrae

When Sanchez returned to work, he was assigned to the DeMoss Station, also in Houston. He soon noticed that some of the DeMoss Station employees were still using horizontal sorting cases. Sanchez requested that he too be permitted to return to a horizontal case, but Mire again denied the request. In late March 1994, Sanchez requested an appointment with an EEO counselor. On April 30, 1994, Sanchez filed a complaint with the EEOC, claiming race, sex, and disability discrimination.

The Postal Service rejected Sanchez's administrative complaint on the ground that he had failed to bring the alleged discriminatory event to the attention of an EEO counselor within the 45 day period required by 29 C.F.R. § 1614.105(a)(1). Sanchez appealed the Postal Service's decision to the EEOC, which determined that Sanchez had not become aware of the alleged discrimination in February 1994 when he returned to work at the DeMoss Station and ordered the Postal Service to process Sanchez's administrative complaint as timely filed. When it did so, the EEOC Administrative Judge found no discrimination.

Sanchez then filed the instant action under the Americans with Disabilities Act ("ADA").[4] He later amended his complaint to assert a cause of action pursuant to the Rehabilitation Act,[5] which

Station because he was feeling suicidal and wanted to see his psychiatrist. No matter what the explanation, while Sanchez was absent from work, Sanchez's orthopedic surgeon issued new restrictions on Sanchez's work activities and determined that Sanchez had a 60% disability of the right knee.

[4] 42 U.S.C. § 12101 (1994).

[5] 29 U.S.C. § 701 (1994).

governs the employment discrimination claims of postal workers. The district court granted the Postal Service's motion for summary judgment, holding that, by not filing his EEOC complaint within the specified 45-day period, Sanchez had failed to exhaust his administrative remedies. Sanchez timely appealed.

## II.

## ANALYSIS

### A.   Standard of Review

We review the district court's grant of summary judgment <u>de novo</u>, applying the same standard as the district court.[6]

### B.   Applicable Law

Before an employee can bring suit under the Rehabilitation Act, he must first exhaust his administrative remedies.[7]  Under the EEOC guidelines, an employee must file his complaint with the EEOC within 45 days of the "discriminatory event."[8]  Generally, an employee's discrimination suit is barred if he fails to file his administrative claim in a timely fashion.[9]  The filing requirement, however, functions as a statute of limitations, rather than a

---

[6]<u>Melton v. Teachers Ins. & Annuity Ass'n of America</u>, 114 F.3d 557, 558-59 (5th Cir. 1997).

[7]<u>Prewitt v. United States Postal Service</u>, 662 F.2d 292, 304 (5th Cir. 1981).

[8]29 C.F.R. § 1614.105(a)(1).

[9]<u>Wilson v. Secretary, Dep't of Veterans Affairs</u>, 65 F.3d 402, 404 (5th Cir. 1995) ("If an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed.") (Title VII case) (quoting <u>Barrow v. New Orleans S.S. Ass'n</u>, 932 F.2d 473, 476-77 (5th Cir. 1991)); 29 U.S.C. § 794a(a)(1) (incorporating Title VII's requirement that employee exhaust administrative remedies into Rehabilitation Act).

jurisdictional prerequisite, and is thus subject to equitable modification, i.e., equitable tolling or equitable estoppel.[10]

In Chappell v. Emco Machine Works Co.,[11] we recognized three possible bases for tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of [his] rights."[12] In Rhodes v. Guiberson Oil Tools Division,[13] we observed that the second of the grounds enumerated in Chappell —— the grounds on which Sanchez relies —— is properly treated as an issue of equitable estoppel, rather than of equitable tolling, as it focuses on the conduct of the defendant.[14] Whether framed as an issue of equitable estoppel or equitable tolling, however, Sanchez is not excused for failing to file his EEOC complaint within the applicable time period.

C.    Equitable Estoppel or Equitable Tolling

Sanchez argues that the Postal Service is equitably estopped from arguing that he failed to file his administrative charge within the 45-day period because Mire misled him as to the reason for the Postal Service's refusal to accommodate his disability ——

---

[10]Id.

[11]601 F.2d 1295 (5th Cir. 1979).

[12]Wilson, 65 F.3d at 404 (citing Chappell, 601 F.2d at 1302-03).

[13]927 F.2d 876 (5th Cir. 1991).

[14]Id. at 878-79.

that is, Mire claimed that the switch to the vertical cases was mandated for all mail sorters when actually some sorters were given the option of using horizontal cases.[15]  Sanchez contends that he was, therefore, unaware of the facts giving rise to his claim because the Postal Service intentionally concealed those facts.

Sanchez's argument, however, misses the point.  Even accepting as true Sanchez's characterization of events — as we must at this stage — Mire did not intentionally conceal <u>the facts giving rise to his  claim</u>.[16]  Sanchez's discrimination claim is based on the Postal Service's failure to accommodate his disability.  The discriminatory event that triggered the 45-day filing period, therefore, was Mire's informing Sanchez in the late summer of 1993 that the Postal Service was unwilling to permit him to continue using a horizontal sorting case after he reported to her that the horizontal case was aggravating his knee injury.  The reason proffered by Mire in explaining the Postal Service's refusal to do so is immaterial.  The Postal Service certainly could not escape its obligation under the Rehabilitation Act to accommodate Sanchez's disability by arguing that the switch to vertical cases

---

[15]The Postal Service denies that Mire misled Sanchez, asserting rather that Sanchez's confusion resulted from a misunderstanding regarding the timing and implementation of the new, phased-in policy.

[16]<u>Pacheco v. Rice</u>, 966 F.2d 904, 906 (5th Cir. 1992) ("Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover <u>essential information bearing on the existence of his claim</u>.") (emphasis added).

was made pursuant to an agency-wide policy.[17]  The Postal Service's allowing some mail sorters to continue to use horizontal cases rather than mandating a wholesale replacement of such cases with vertical cases is irrelevant to the Postal Service's potential liability under the Rehabilitation Act.  It follows that the Postal Service's intentional concealment of those exceptions is not grounds for equitably estopping the Postal Service from relying on the 45-day filing period.[18]

The cases Sanchez cites in support of his argument — Rhodes,[19] Reeb v. Economic Opportunity Atlanta, Inc.,[20] and Coke v. General

---

[17]See Riel v. Electronic Data Sys. Corp., 99 F.3d 678, 683 (5th Cir. 1996) (holding in ADA case that request of employee who could not meet intermediate deadlines in engineering project because of fatigue caused by renal failure that employer either transfer him to position with no such deadlines or alter deadline policy was not unreasonable as a matter of law); 42 U.S.C. § 12111(9) (stating that under ADA term "reasonable accommodation" may include, inter alia, modifications of policies); 29 U.S.C. § 794(d) (amending Rehabilitation Act to incorporate standards used under ADA to determine whether employer has "reasonably accommodated" employee's disability); Cf. Johnson v. Gambrinus Co./Spoetzl Brewery, 116 F.3d 1052 (5th Cir. 1997) (holding under Title III of ADA, which governs public accommodations, that requiring brewery to alter its "no animals" policy to permit blind plaintiff to bring his guide dog on tour constituted reasonable accommodation).

[18]See Pacheco, 966 F.2d at 906 (holding that Hispanic plaintiff who was terminated for sexually harassing co-workers and who alleged he was fired because of his race was not entitled to tolling of statue of limitations despite learning after deadline that allegedly similarly situated Anglo employee had received different treatment because relevant "discriminatory event" was his firing, a decision of which he was given notice at time it was made).

[19]927 F.2d 876 (5th Cir. 1991).

[20]516 F.2d 924 (5th Cir. 1975).

Adjustment Bureau[21] — afford him no aid, as each is distinguishable from the instant suit.  In Rhodes, a 56-year-old plaintiff, who had been discharged, did not file his administrative complaint within the applicable filing period because his employer told him that (1) he was being fired because the company was undergoing a reduction-in-force and (2) he would not be replaced.[22]  Later, the plaintiff learned that, in fact, he had been replaced by a younger worker at a lower salary.[23]  We concluded that, because the plaintiff had no reason to suspect that his employer was guilty of age discrimination until the employer hired a replacement outside the protected age group, his age discrimination suit was not barred as untimely.[24]

Similarly, we held in Reeb that the plaintiff was entitled to equitable tolling when she delayed filing her administrative complaint beyond the filing deadline because her employer told her that the company had terminated her position because of a "limitation of funds."[25]  Approximately six months later she discovered not only that her employer had not eliminated her position altogether as it had previously informed her, but that it had also hired "an allegedly less qualified male employee" to replace her, thereby providing her with the factual support needed

---

[21]640 F.2d 584 (5th Cir. 1991).

[22]Rhodes, 927 F.2d at 880.

[23]Id.

[24]Id. at 880–881.

[25]Reeb, 516 F.2d at 925–26.

to allege a prima facie case of discrimination on the basis of sex.[26]

Finally, in Coke, we held that the defendant employer was not entitled to summary judgment even though the plaintiff employee had not filed his age discrimination suit within the statutory period because the plaintiff had proffered credible evidence that (1) the defendant employer had repeatedly assured the employee that he would be reinstated to his former position, and (2) the employee had reasonably relied on those assurances.[27]

These distinguishable cases are thus inapposite. Unlike the plaintiffs in Reeb and Rhodes, Sanchez cannot claim that he learned of the facts that formed the basis of his charge of an unlawful employment practice until after the applicable filing period had passed. As explained above, as soon as Mire informed Sanchez that the Postal Service was unwilling to accommodate his disability in the late summer of 1993, he was in the position to file his administrative charge of disability discrimination, regardless of the excuse advanced for the failure to accommodate his disability. He did not do so until April 30, 1994, after approximately eight months had passed.

Similarly, in contrast to the plaintiff in Coke, Sanchez cannot assert that he justifiably delayed in filing his complaint with the EEOC because the Postal Service misled him into believing that it was on the verge of remedying its allegedly improper

---

[26]Id. at 926.

[27]Coke, 640 F.2d at 586, 595-96.

employment decision.  To the contrary, Mire never stated or implied that an accommodation was in the offing, consistently rejecting Sanchez's requests to use a horizontal sorting case.

In sum, Sanchez is not excused from failing to file his administrative charge within the applicable 45-day period or from his resultant failure to exhaust administrative remedies.  Once the Postal Service informed him that he would not be permitted to use a horizontal case despite the problems it was allegedly causing his knee, he was aware that the accommodation would be made.  This was the "essential information bearing on the existence of his claim."[28] As the Postal Service's alleged misrepresentation of its reason for denying Sanchez's request is irrelevant to its potential liability for failure to accommodate Sanchez's disability, such misrepresentation cannot serve as grounds for estopping the Postal Service from asserting the untimeliness of Sanchez's administrative complaint.

IV.

CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment is

AFFIRMED.

---

[28]Pacheco, 966 F.2d at 906-07.