United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-31208

PEARL MOODY,

Plaintiff-Appellant,

versus

UNITED STATES SECRETARY OF THE ARMY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(01-CV-111)

Before JOLLY, HIGGINBOTHAM, and STEWART, Circuit Judges.

PER CURIAM:[*]

Pearl Moody appeals the district court's grant of summary judgment, dismissing all of her claims. Moody alleged that her employer, the United States Army, discriminated against her because of her age, in violation of the Age Discrimination in Employment Act (ADEA),[1] as well as Louisiana's state age discrimination law.[2]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 29 U.S.C. § 621, *et seq.*

[2] The district court dismissed Moody's state law claims and she has not appealed that decision here.

We affirm on the basis that Moody has failed to demonstrate a prima facie case of age discrimination.

## I.

Moody alleges that her supervisor, Ellis Smith, harassed her for several years based on her age, and refused to give her a promotion or reevaluate her job and upgrade her pay scale to reflect the work she was actually doing. Moody complained to the Equal Employment Opportunity Office, and eventually entered a settlement agreement to resolve the dispute. However, after Moody concluded that the Army was failing to follow through on the settlement, she sued in district court. The Army moved to dismiss on the basis that the dispute had been resolved by the settlement agreement, but the district court concluded that both parties breached the terms of the agreement and therefore it was void. Neither party appeals that decision. The Army then moved for summary judgment based on Moody's alleged failure to exhaust administrative remedies, or alternatively, failure to make out a prima facie case of age discrimination. The district court granted summary judgment in favor of the Army and dismissed Moody's claims with prejudice. The district court also granted the Army's motion to strike several exhibits from Moody's response, and denied Moody's Rule 59(e) Motion to Amend Judgment. Moody has not appealed either of these decisions. Moody timely appealed the grant of summary judgment.

## II.

We review a grant of summary judgment *de novo*, applying the same standard as the district court.[3]  Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[4]  An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.[5]  Although the district court dismissed Moody's claims for failure to exhaust administrative remedies, the Army also urges that Moody failed to make out a prima facie case of discrimination.  We turn to this alternative basis first.[6]

A claim for violation of the ADEA may be established by direct or circumstantial evidence.  If the plaintiff provides circumstantial evidence of discrimination, the familiar burden

---

[3] *See Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 205 (5th Cir. 1998).

[4] *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-24 (1986); *see also* Fed. R. Civ. P. 56(c).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[6] The timely filing requirements of the ADEA function as statutes of limitations rather than a prerequisite for jurisdiction.  *See Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991); *Henderson v. United States Veterans Admin.*, 790 F.2d 436, 440 (5th Cir. 1986).  Therefore, we need not decide the timeliness of Moody's claims before addressing their merits.

3

shifting framework of *McDonnell Douglas* applies.[7]  Under *McDonnell Douglas*, the plaintiff must first establish a prima facie case of discrimination, which the defendant must then rebut by producing a legitimate, nondiscriminatory justification for its actions.  The plaintiff must then demonstrate that the proffered reasons are pretextual, and establish that the defendant's actions were discriminatory.[8]

To establish a prima facie case of failure to promote based on age discrimination, the employee must demonstrate that "1) he belongs to the protected class, 2) he applied to and was qualified for a position for which applicants were being sought, 3) he was rejected, and 4) another applicant not belonging to the protected class was hired."[9]  Here, Moody alleges that she asked for a promotion on numerous occasions, although she only cites a single occasion in February of 1995 when she applied for an open position.  She claims that Smith changed the job description of the position for which she applied, and "[t]he effect of this change was to deny Moody the promotion."  She also alleges that Smith gave the promotion to a much younger employee.

---

[7] *See Evans v. City of Houston*, 246 F.3d 344, 349 (5th Cir. 2001) (citing *McDonnell Douglas v. Green*, 411 U.S. 792 (1973)).

[8] *Id.* at 350.

[9] *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680-81 (5th Cir. 2001).

4

It is clear that Moody, who is 62 years-old, is a member of the protected class and that she was rejected for the promotion. However, the summary judgment evidence does not establish that Moody was qualified for the position for which she applied. Likewise, there is no summary judgment evidence before us which indicates that the position was given to someone who was not a member of the protected class.[10]  Therefore, Moody has failed to establish a prima facie case based on a failure to promote.

Similarly, Moody has also failed to establish a prima facie case for any claim that she failed to receive a pay raise or a reevaluation of her pay scale to reflect the work she was actually performing.  To establish such a claim, she must demonstrate that younger employees who were similarly situated received raises or reevaluation of their pay scales.[11]  Although she claims that she is the lowest paid employee in her department, she has not presented any evidence that other *similarly situated* younger employees are paid more.  The fact that she is the lowest paid employee, without more, cannot establish a prima facie case of discrimination.

---

[10] Moody refers only to a stricken exhibit which states that the position was given to "a friend" of Smith's.  Even if we were to consider this stricken evidence, it does not establish that Moody was qualified for the position or that it was given to someone younger.

[11] *See Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1062 (5th Cir. 1998).

5

Because Moody has failed to establish a prima facie case of discrimination under the *McDonnell Douglas* framework, she must establish discrimination by direct evidence.[12] Although Moody alleges that Smith engaged in a long-running pattern of harassment, her detailed log of Smith's behavior cites only four instances where Smith's behavior evidences discriminatory animus. In August, 1997, he asked Moody, "Granny have you not got anything to do?"; on August 26, 1998, he directed someone to Moody by stating, "See that old woman and she will take care of you"; on August 31, 1998, he asked Moody, "old woman, when are you going to retire and go home so someone younger can have a job?"; and again on September 17, 1998, he asked, "Granny, when are you going to retire and let someone younger have a job?"[13]

We analyze remarks presented as direct evidence of discrimination under the test articulated in *Brown v. CSC Logic, Inc.*[14] "For comments in the workplace to provide sufficient evidence of discrimination, they must be 1) related to the

---

[12] *See Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 404 (5th Cir. 2001) (stating that where the plaintiff's claims cannot survive under the *McDonnell Douglas* framework, the plaintiff must prove discrimination by direct evidence).

[13] Moody also complains of other harassing behavior by Smith, and alleges that it was motivated by her age. Even assuming that this unsupported allegation is true, Smith's other behavior is not *direct* evidence of age discrimination.

[14] *See Laxton v. Gap, Inc.*, 333 F.3d 572, 583 n. 4 (5th Cir. 2003); *Auguster*, 249 F.3d at 405.

protected class of persons of which the plaintiff is a member;  2) proximate in time to the [employment decision];  3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue."[15]

We begin by noting that all of the remarks occurred well after the denial of the promotion in 1995, and thus cannot be evidence of discriminatory motive in denying the promotion.  They could, however, be evidence of discriminatory motive in failing to give Moody a raise, or to reevaluate her pay scale.  Only the remarks made on August 31 and September 17 are arguably related to a failure to grant a pay raise, whereas the other two remarks merely evidence animus directed at Moody based on her age and thus are not direct evidence of discrimination.  However, because Moody does not indicate when she asked for and was denied a pay raise, other than to state that she "repeatedly asked" for a promotion, we cannot evaluate whether these comments are proximate in time to any employment action.  We therefore find that these two comments do not raise an issue of material fact sufficient to avoid summary judgment.

Finally, Moody alleges that the comments listed above constitute a hostile work environment.  While these comments are offensive and boorish, they are not "sufficiently severe or

---

[15] *Id.* (internal quotation marks and brackets omitted).

pervasive to alter the conditions of the victim's employment and create an abusive working environment."[16]

### III.

We therefore AFFIRM the district court's grant of summary judgment dismissing all of Moody's claims with prejudice.

---

[16] *Shepard v. Comptroller of Pub. Accounts of the State of Tex.*, 168 F.3d 871, 874 (5th Cir. 1999) (internal quotation marks and brackets omitted).